UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**AUDREA PEET et al.**                                                                                      PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 5:21-CV-69-TBR

**A2B CARGO LOGISTICS, INC. et al.**                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs Audrea and Gregory Peet filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1]  For the reasons set forth below, the action will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiffs, residents of Missouri, bring this personal injury action.  They name as Defendants A2B Cargo Logistics, Inc., and A2B Cargo, Inc., both located in Illinois, and Coleman Strachan, a resident of North Carolina.  The complaint invokes diversity jurisdiction, asks for over $75,000 in damages, and makes claims related to a traffic accident occurring in Lyon County, Kentucky, on June 28, 2019.  Plaintiffs describe the accident as occurring when an 18-wheeler, driven by Defendant Strachan, plowed into a stopped line of vehicles, one of which contained Plaintiffs and their two young sons.  The resulting collisions—Plaintiffs' vehicle was hit more than once—caused injuries both temporary and permanent to both Plaintiffs.

The complaint describes Defendants A2B Cargo Logistics and A2B Cargo as acting together in a joint venture conducting interstate commercial freight shipping and employing

---

[1] This case was originally brought as two separate actions, this one filed by Mrs. Peet, and another filed by Mr. Peet, *Peet v. A2B Cargo Logistics, Inc.*, 5:21-cv-72-TBR.  By Order entered January 18, 2022, the Court consolidated the two actions.  While the complaints in both cases are virtually identical, the Court has examined both complaints in conducting this initial review.

Defendant Strachan as their employee and agent. Plaintiffs allege torts of "Respondeat Superior and Vicarious Common Law Negligence"; negligence *per se*; and negligence in hiring, training, and supervision.

## II. ANALYSIS

Because Plaintiffs are proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint alleges common-law torts.[2] The fact that the accident occurred in Kentucky necessitates the application of Kentucky law. *See Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1983) (citing *Arnett v. Thompson*, 433 S.W.2d 109, 114 (Ky. 1968)).

In Kentucky, the limitations period for negligence and negligence *per se* is one-year based on Kentucky's personal injury statute of limitations. *Mulaosmanovic v. Warren Cty., Ky.*, No. 1:17-CV-00169-GNS, 2018 WL 1309992, at *2 (W.D. Ky. Mar. 13, 2018); Ky. Rev. Stat.

---

[2] The Court notes that Plaintiffs allege that Defendant A2B Cargo is a "Federal Motor Carrier Safety Administration (FMSCA) authorized interstate freight shipping broker," which was subject to Federal Motor Carrier Safety Regulations (FMSCR), and that Defendants A2B Cargo Logistics and A2B Cargo have a custom and pattern of not complying with the FMSCR. However, Plaintiffs state that the references to Defendants' alleged failure to comply with FMSCR is for the purpose of establishing negligence and not "to allege a private cause of action for violation of the FMCSR." In any event, it "has been established in the Sixth Circuit [that] the FMCSR[s] do[ ] not create a private right of action." *Tassin v. BNK Trans., Inc.*, No. 3:19-CV-00064-JHM, 2019 WL 2271163, at *2 (W.D. Ky. May 28, 2019) (citing *Fochtman v. Rhino Energy, LLC*, No. 13-104-ART, 2013 WL 5701468, at *2 (E.D. Ky. Oct. 17, 2013)); *see Steinberg v. Luedtke Trucking, Inc.*, No. 4:17-CV-9, 2018 WL 3233341, at *4 (E.D. Tenn. July 2, 2018) (collecting cases).

§ 413.140(1)(a) (providing a one-year limitations period for "[a]n action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant"). Plaintiffs' claims for negligent hiring, training, and supervision also are subject to the one-year statute of limitations for personal injury provided by § 413.140(1)(a). *Barnes v. Stratton*, No. 3:16-CV-214-DJH, 2017 WL 903468, at *7 (W.D. Ky. Mar. 7, 2017).

Both Plaintiffs make a loss of consortium claim. In Kentucky, a cause of action for loss of consortium "resulting from a negligent or wrongful act" of another is codified in Ky. Rev. Stat. § 411.145(2), and "the statute of limitations for loss of consortium claims is one year." *Richardson v. Rose Transp., Inc.*, 617 F. App'x 480, 484 (6th Cir. 2015) (citing Ky. Rev. Stat. § 411.145(2) and § 413.140(1)(a)). Furthermore, "[u]nder Kentucky law, [a spouse's] loss-of-consortium claim accrue[s] on the day of [the spouse's] accident[.]" *Id*.

Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Here, Plaintiffs filed their complaint on June 9, 2021, almost two years after the accident.[3] Consequently, the Court finds this action is time-barred.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: January 21, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:  Plaintiffs, *pro se*
     Defendants
4413.009

---

[3] The complaint in *Peet v. A2B Cargo Logistics, Inc.*, 5:21-cv-72-TBR, was also filed on June 9, 2021.